IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THOMAS FULLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: _____ |
| ) | |
| **TOWN OF ROCKFORD,** ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW,** Plaintiff, Thomas Fuller, by and through the undersigned counsel of record, and alleges the following:

## INTRODUCTION

Plaintiff commenced this civil action against Defendant pursuant to 42 U.S.C. § 1983 as it seeks redress for the violation of Plaintiff's rights to equal protection under the Fourteenth Amendment to the United States Constitution. As alleged more fully below, Plaintiff, a homosexual man, was denied licenses from the Town of Rockford based on his sexual orientation. The denial of those licenses caused the closure of Plaintiff's business and significant financial damages.

## PARTIES

1. Thomas Fuller ("Plaintiff" or "Mr. Fuller") is a citizen of the United States, a citizen of the State of Alabama, and is at least nineteen (19) years of age.

1

2. Defendant Town of Rockford ("Defendant" or "Rockford") is a municipal corporation organized under the laws of the State of Alabama and at all relevant times acted under color of state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(a)(3)-(4), and 42 U.S.C. § 1988(a), as this action seeks redress for the violation of Plaintiff's rights secured by the Constitution of the United States, pursuant to 42 U.S.C. § 1983.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same case or controversy and are so related to Plaintiff's 42 U.S.C. § 1983 claims.

5. Venue is proper in the Middle District of Alabama, pursuant to 28 U.S.C. §1391(b)(2), as the events giving rise to this action occurred within this Court's judicial district.

## FACTUAL ALLEGATIONS

6. At all times relevant hereto, Plaintiff owned and operated a restaurant in Rockford named Fuller Rolling Kitchen, d/b/a Crossroads Bar and Grill ("Crossroads").

7. Plaintiff obtained a business license from the Town of Rockford on May 24, 2023.

8. Plaintiff leased the space, which was formerly operated by "Twenty-Two and Crew." Twenty-Two and Crew sold food and alcohol and hosted live entertainment without objection from Rockford's Town Council.

9. Because Plaintiff intended to sell food and alcohol on the premises – just as Twenty-Two and Crew had – he reasonably believed obtaining a liquor license would not be an issue for him and Crossroads.

10. On July 5, 2023, Mr. Fuller received the Transfer of ABC Licensed Business from the ABC Board, so that he could temporarily serve alcohol under the transfer license while he awaited to be placed on the Rockford Town Council's agenda to obtain approval for a license in Crossroads' name.

11. In July 2023, Plaintiff attended Rockford's Town Council meeting to request the same approval routinely granted to other establishments.

12. At the meeting, Plaintiff was questioned on matters such as the hours of operation, the type of business he had, and the food to alcohol sales ratio for Crossroads. Plaintiff reiterated that he was requesting the same letter of approval that was issued to other businesses in Rockford. The hearing was ultimately postponed from the July 2023 Town Council Meeting to the August 2023 Town Council Meeting.

13. It is important to note that from the time Plaintiff operated Crossroads in May of 2023, he sold liquor without issue under the transfer license. There were no issues on the premises that required the presence of law enforcement.

14. Shortly thereafter, Plaintiff advertised a drag show as entertainment at Crossroads. On August 14, 2023, Rockford's Town Council issued Plaintiff a cease-and-desist letter. The letter claimed that the drag show was in violation of any license Crossroads obtained. Plaintiff canceled the show.

15. At the August 21, 2023, Rockford Town Council Meeting, Plaintiff was denied the requested letter of approval.

16. Crossroads was the only business in Rockford that was denied a liquor license. The Town Council questioned Plaintiff's character and morals during the meeting.

17. However, other businesses, owned and operated by heterosexual individuals, were permitted to host live performances without objection from Rockford's Town Council. Specifically, other businesses in Rockford had live entertainment such as live music and karaoke without being issued any such cease-and-desist letter.

18. In compliance with the cease-and-desist letter, Plaintiff applied for a subsequent license so that he could offer entertainment at Crossroads and sell alcohol.

19. At the September 19, 2023, Rockford Town Council Meeting, the Council denied issuing Crossroads any subsequent licensing and revoked the transfer of the ABC Board Alcohol License.

20. Because of the denial of these licenses, Plaintiff was unable to play music, show sporting events on televisions, or offer any other entertainment at Crossroads. This was fatal to his business.

21. Plaintiff reasonably believes that Rockford's denial of the licenses was motivated by animus toward Plaintiff's sexual orientation. Rockford had historically granted identical approvals to businesses owned and operated by heterosexual individuals without delay or objection, including Twenty-Two and Crew, PJANI LLC, Triple R Café, and a local Mexican restaurant.

22. Only after Plaintiff, an openly homosexual man, sought to open Crossroads did the Rockford's Town Council begin to impose heightened scrutiny and new licensing requirements. Council members questioned Plaintiff about the type of business he ran, his hours of operation, and alcohol-to-food sales ratios—requirements that were not imposed on similarly situated heterosexual-owned businesses.

23. When Plaintiff advertised a drag show at Crossroads, Rockford immediately issued a cease-and-desist order, claiming he lacked the proper licensing for such activities. Yet other establishments regularly hosted live entertainment, including

music and karaoke, without possessing any "entertainment" license or being subjected to enforcement actions. The only meaningful difference between Plaintiff and those establishments was Plaintiff's identity as a heterosexual man and his willingness to host LGBTQ-friendly entertainment.

24. Defendant's licensing practices, which deviated from prior precedent only in Plaintiff's case, effectively singled out Plaintiff because of his sexual orientation, deprived him of equal protection under the law, and forced him to close his business.

## CAUSES OF ACTION

## FEDERAL CLAIMS

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – EQUAL PROTECTION CLAUSE

25. Plaintiff adopts and re-alleges paragraphs 1-3 and 5-24 of this Complaint as if fully set forth herein.

26. Section 1983 permits an individual to sue individuals or municipalities acting under the color of state law for violations of federal law, such as the Equal Protection Clause.[1]

---

[1] *Hill v. Cundiff*, 797 F.3d 948, 976 (11th Cir. 2015).

27. The Equal Protection Clause of the Fourteenth Amendment prohibits a state or municipal government from denying any person within its jurisdiction the equal protection of the laws.

28. Plaintiff is a homosexual man, and Defendant's actions, through its Town Council, were motivated by animus toward his sexual orientation.

29. Defendant, by and through its Council, intentionally treated Plaintiff differently from similarly situated business owners on the basis of his sexual orientation. Specifically, Plaintiff was heavily scrutinized and denied licenses that other businesses in Rockford successfully obtained.

30. Plaintiff applied for liquor and "entertainment" licenses that were routinely granted to heterosexual-owned establishments, including:

    a. Twenty-Two and Crew, which sold food, alcohol, and hosted live entertainment without interference from the Town Council;

    b. PJANI LLC, which obtained a license to operate the Rockford Deli and Package Store and advertised live entertainment without interference from the Town Council;

    c. Triple R Café, which hosted live entertainment without interference from the Town Council; and

    d. The local Mexican restaurant, which sold alcohol without interference from the Town Council.

31. Unlike these businesses, Plaintiff was subjected to heightened scrutiny about his hours of operation, business model, and alcohol-to-food sales ratio, and issued a cease-and-desist order when he attempted to advertise a drag show at Crossroads.

32. The Town Council's decision to deny Plaintiff's licenses departed from prior practice and demonstrated selective enforcement of Rockford's licensing ordinances.

33. Defendant's actions had no rational basis, were motivated by animus toward Plaintiff's sexual orientation, and therefore violated Plaintiff's rights to equal protection under the Fourteenth Amendment.

34. As a direct and proximate result of Defendant's discriminatory acts, Plaintiff was forced to close Crossroads Bar and Grill, suffered significant economic loss, emotional distress, and reputational harm.

## STATE CLAIMS

### COUNT II: TORTIOUS INTERFERENCE WITH BUSINESS OR CONTRACTUAL RELATIONS

35. Plaintiff adopts and re-alleges paragraphs 1-24 of this Complaint as if fully set forth herein.

36. To establish tortious interference with contractual or business relations, Plaintiff must prove: 1) the existence of a contract or business relation, 2) the Defendant's knowledge of the contract or business relation, 3) intentional interference by the Defendant with the contract or business relation, 4) the absence of justification

for the Defendant's interference, and 5) damage to the Plaintiff as a result of the interference.[2]

37. At all times relevant hereto, Plaintiff had valid and ongoing business and contractual relationships with patrons, suppliers, vendors, and employees in connection with the operation of Crossroads Bar and Grill.

38. Defendant knew of these business and contractual relationships, as Crossroads operated openly in Rockford and was dependent upon licenses administered by the Town Council for its operation.

39. Defendant, acting through its Town Council, wrongfully and intentionally interfered with Plaintiff's business and contractual relationships by discriminatorily denying him liquor and "entertainment" licenses and issuing a cease-and-desist letter regarding his advertised drag show.

40. Defendant's interference was unjustified, malicious, and outside the scope of legitimate governmental action, as other similarly situated businesses owned and operated by heterosexual individuals were permitted to host live entertainment and sell alcohol without interference.

41. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff was forced to close Crossroads Bar and Grill, suffered significant economic loss, emotional distress, and reputational harm.

---

[2] *Parsons v. Aaron*, 849 So. 2d 932, 946 (Ala. 2002).

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests this Honorable Court enter a judgment in his favor and against Defendant, for the following relief:

a. Compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages in an amount to be determined by a jury;

b. Nominal damages in an amount to be determined by a jury;

c. Punitive damages in an amount to be determined by a jury;

d. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

e. All other and further monetary and/or equitable relief as this Honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Submitted on this 19th day of September 2025.

Respectfully submitted,

*/s/ Kristen E. Gochett*
Leroy Maxwell, Jr.
Kristen E. Gochett
*Attorneys for Plaintiff*

**OF COUNSEL:**
**Maxwell & Tillman**
1820 3rd Avenue North, Suite 300
Birmingham, AL 35203
Phone: (205) 216-3304
Fax: (205) 409-4145
maxwell@mxlawfirm.com
kgochett@mxlawfirm.com

**DEFENDANTS SERVED VIA CERTIFIED MAIL AND/OR PRIVATE PROCESS SERVER.**

Town of Rockford
Attn: Town Clerk
P.O. Box 128
Rockford, AL 35136-0128

*/s/ Kristen E. Gochett*
OF COUNSEL